Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 1, 2011, which, inter alia, granted defendants’ motion to dismiss the complaint for failure to comply with discovery orders, unanimously affirmed, with costs.
After finding that plaintiff had failed to comply with three prior discovery orders, the motion court issued a further order, dated December 17, 2010, which directed plaintiff to produce documents related to the calculation of withdrawal amounts for *561 certain former members and to produce other documents in camera. Following defendants’ motion to dismiss for noncompliance, the issue was referred to a Special Referee to hear and report. The Special Referee determined that plaintiff had failed to comply, but nonetheless, gave plaintiff an additional opportunity to comply. Plaintiff still failed to comply and the Special Referee issued a report recommending dismissal. Defendants then made a motion to confirm the Special Referee’s report. In opposition, plaintiff produced materials it claimed were responsive to the December 17, 2010 order and otherwise offered the deposition of its CEO to explain how the calculations were made. No in camera materials were ever produced. The motion court reviewed the materials provided and correctly found that they were not responsive. The CEO’s deposition is no substitute for the documents. Under these circumstances, the motion court appropriately exercised its discretion dismissing the complaint as a discovery sanction (see Arts4All, Ltd. v Hancock, 54 AD3d 286 [1st Dept 2008], affd 12 NY3d 846 [2009]). Plaintiff’s contentions that its failure to produce the requested materials was not willful and contumacious and that its conduct has not prejudiced defendants are without merit. Concur—Mazzarelli, J.P, Acosta, Freedman, Richter and Gische, JJ. [Prior Case History: 2011 NY Slip Op 31789(U).]